UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION ONLY

------------------------------------------------------------------------X
MARVIN JAVIER PINEDA-CONTRERAS,

                        Petitioner,

    -against-

PAM BONDI, in her official capacity as Attorney General of the United States, KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security, TODD M. LYONS, in his official capacity as Acting Director, United States Immigration and Customs Enforcement, BRIAN FLANAGAN, in his official capacity as Acting Deputy Field Office Director for ICE in New York City Area, FRANK P. BASSO, in his official capacity as Warden of Nassau County Correctional Center, SIRCE OWEN, in her official capacity as Director of the Executive Office for Immigration Review,

                        Respondents.
------------------------------------------------------------------------X

**MEMORANDUM & ORDER**
25-cv-06898 (JMA)

FILED
CLERK

4:37 pm, Dec 23, 2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

On December 13, 2025, U.S. Immigration and Customs Enforcement ("ICE") arrested Marvin Javier Pineda-Contreras ("Petitioner") in Queens, New York. (ECF No. 4 ¶ 28; ECF No. 8-1 ¶ 15.)

Petitioner is an 18-year old resident of Jamaica, New York who first entered the United States on June 12, 2024. (ECF No. 4 ¶ 1, 17; ECF No. 8-1 ¶ 3). On June 12, 2024, the United States Customs and Border Protection ("CBP") arrested Petitioner near the Texas/Mexico border. (ECF No. 8-1 ¶ 3–6.) That same day, CBP issued to him a Form I-200, Warrant for Arrest of Alien. (Id. ¶ 5.) Because Petitioner qualified as an Unaccompanied Alien Child, see 8 U.S.C. § 1232, he soon was placed in the custody of the Office of Refugee Resettlement and subsequently released to a verified family sponsor. (Id. at ¶¶ 8-9.) On July 17, 2024, ICE served Petitioner with a Notice to Appear, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), and ordering him to

appear at a hearing before an immigration judge in New York. (Id. ¶ 10.)

Petitioner has resided in the United States for over eighteen months. He has attended every hearing in connection with his removal proceedings, (see id. ¶¶ 12–14), and is in the process of seeking Special Immigrant Juvenile status, (id. ¶ 14; ECF No. 4 ¶ 26.)

After his arrest on December 13, 2025, ICE transported Petitioner to 535 Federal Plaza in Central Islip, New York. (ECF No. 8-1 ¶ 15). On December 14, 2025, ICE transferred Petitioner to the Nassau County Correctional Facility in East Meadow, New York. (Id. ¶ 16.) On December 15, 2025, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) On December 16, 2025, Petitioner filed an amended petition. (ECF No. 4).

After the instant petition was filed, ICE transferred Petitioner to 26 Federal Plaza in Manhattan and, later, to the Elizabeth Contract Detention Facility in Elizabeth, New Jersey, where he remains detained. (ECF No. 8-1 ¶¶ 17–18.)

On December 16, 2025, the Court issued an order to show cause directing Respondents to show cause why a writ of habeas corpus should not be issued. On December 22, 2025, Respondents filed a letter opposing the Petition. (ECF No. 8). In that letter, Respondents acknowledged that the facts underlying this case are "very similar" to those presented in two cases recently decided by this Court: Molina v. Deleon, No. 25-cv-6526 (E.D.N.Y. Dec. 23, 2025), ECF No. 18, and Montoya v. Bondi, No. 25-cv-6363 (E.D.N.Y. Dec. 23, 2025), ECF No. 22. (ECF No. 8 at 4). Citing a desire "to conserve judicial resources and to expedite the Court's consideration of this case," Respondents decided to "rely upon, and incorporate by reference, all legal arguments presented in the Government's submissions in Molina (ECF Nos. 8, 14) and Montoya (ECF Nos. 14, 19)." (ECF No. 8 at 4).

Given the similarity between the facts in this case and those presented in Molina and Montoya, as well as Respondents' decision to rely on the Government's briefing in those cases,

the Court concludes that its analysis in those cases applies equally to the instant petition.  See Memorandum and Order, <u>Molina v. Deleon</u>, No. 25-cv-6526 (E.D.N.Y. Dec. 23, 20250), ECF No. 18; Memorandum and Order, <u>Montoya v. Bondi</u>, No. 25-cv-6363 (E.D.N.Y. Dec. 23, 2025), ECF No. 22.

Accordingly, the petition for a writ of habeas corpus is now GRANTED.  Respondents are ordered to release Petitioner from custody immediately, and to submit a letter on the docket within 24 hours of this Order confirming Petitioner's release.

**SO ORDERED.**

Dated:   December 23, 2025
        Central Islip, New York

                                              /s/ (JMA)
                                         JOAN M. AZRACK